IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLEWELLYN SCOTT, (TDCJ-CID #1509740) | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-13-0908 |
| RICK THALER, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

On March 26, 2013, Llewellyn Scott, a state prison inmate, filed a copy of the notice of appeal he filed in the 329th Judicial District Court of Wharton County, Texas. Because Scott appeared to be challenging his state criminal conviction, the pleading was filed as a federal petition under 28 U.S.C. § 2254. (Docket Entry No. 1). Scott provides the dates of conviction, affirmance of his conviction on appeal, refusal of his petition for discretionary review by the Texas Court of Criminal Appeals, and the filing of his state applications for post-conviction relief. It appears, however, that Scott did not intend to file a federal petition. Instead, he asks this court to advise him of the deadline for filing a federal petition based on the dates he provided. (Docket Entry No. 1, Federal Petition, p. 1).

Habeas applications filed pursuant to § 2254 are governed by federal statutes and rules. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The

statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

While 28 U.S.C. § 2244(d) establishes a one-year statute of limitations that applies to petitions for writ of habeas corpus filed pursuant to § 2254, the statute of limitations does not act as a deadline for filing that is subject to extension by order of the court. Instead, it acts as a bar to consideration of the claims raised in an untimely petition. Because the "1-year period of limitation shall apply" to a § 2254 petition upon its filing, the court has no authority to extend the one-year period prior to the filing of such a petition. After the filing of such a petition, the court may statutorily toll the limitations period consistent with the circumstances set forth in § 2244(d)(2) and may equitably toll the limitations period in appropriate circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Scott's request for advice concerning the deadline for filing his federal petition does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine sua sponte); *see also United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986)(district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Cook*, 795 F.2d at 994 (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982)); *see also North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(A federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

Scott is requesting an advisory opinion regarding the application of the AEDPA's one-year statute of limitations for filing a federal petition. There is no adverse party before this court. Nor is there a concrete dispute for this court to decide. Scott in essence asks the court to determine in advance whether the habeas corpus petition will be time-barred, if it is filed at some unspecified date in the future, and whether equitable tolling may be applicable to extend the limitation period. This court cannot decide hypothetical issues or give advisory opinions about issues as to which there are not adverse parties before it. This court cannot grant the relief that Scott requests without offending the Constitution's case or controversy requirement. The court may not grant the relief Scott seeks.

Alternatively, Scott's request could be liberally construed as a motion for extension of time to file his federal petition. A request for extension of time may be construed as a petition pursuant to § 2254. Habeas Rule 2(c) places five specific requirements on federal habeas petitions, including

requirements that the petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rule 2(d) also requires that § 2254 petitions "substantially follow" standard forms for such petitions. The request filed by Scott does not satisfy any of these requirements.

The Advisory Committee Notes regarding the 2004 amendments to Habeas Rule 2 address the procedure for handling "defective" habeas petitions and states that "the better procedure [is] to accept the defective petition and require the petitioner to submit a corrected petition that conforms to Rule 2(c)" rather than to return an insufficient petition without filing it. This motion does not satisfy any of the elements of a petition. The court cannot interpret Scott's motion as commencing a habeas corpus action because the purported application for writ of habeas corpus is not in the form of a petition, it does not specify each ground for relief that is available to the petitioner, and it does not include the factual basis for each ground for relief. Scott's pleading only requests additional time to file a petition and, thus, cannot be construed as the petition itself. Scott may wish to file a skeletal petition and supplement it later. *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007).

Scott's request for advice concerning the one-year statute of limitations and alternative motion for an extension of the one-year statute of limitations, (Docket Entry No. 1), is DENIED. This action is DISMISSED without prejudice for want of jurisdiction.

SIGNED at Houston, Texas, on May 10, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE